UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| Waleed Bin Khalid Abu Al-Waleed Al-Qarqani, in his personal capacity, and as Attorney for the heirs of Khalid Abu Al-Waleed Al-Qarqani: Al-Waleed Khalid Abu Al-Waleed Al Hood Al-Qarqani, Ahmed Khalid Abu Al-Waleed Al Hood Al-Qarqani, Shaha Khalid Abu Al-Waleed Al Hood Al-Qarqani, Naoum Al-Doha Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Badriah So'ad Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Badi'ah Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Nadeemah Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Jameelah Abdullah Mohammad; Heirs of Laila Naeema Khalid Abu Al-Waleed Al Hood Al-Qarqani: Mustafa Jawad Zikri; Heirs of Mariam Mai Khalid Abu Al-Waleed Al Hood Al-Qarqani; Heirs of Omar Abdul-Rahman Azzam: Khalid Omar Abdul-Rahman Azzam, Fatima Omar Abdul-Rahman Azzam, Omar Abdul-Rahman Omar Abdul-Rahman Azzam, Najlaa Omar Abdul-Rahman Azzam, Laila Omar Abdul-Fattah Azzam; Heirs of Her Royal Highness Mona Bint Abdul-Rahman Bin Hasan Azzam: HRH Prince Mohammad, Bin King Faisal Bin Abdulaziz Al Saud, HRH Prince Amr Bin Mohammed Bin King Faisal Bin Abdulaziz Al Saud, HRH Princess Maha Bint Mohammad Bin King Faisal Bin Abdulaziz Al Saud, HRH Princess Reem Bint Mohammad Bin King Faisal Bin Abdulaziz Al Saud; Heirs of Essam Abdul-Rahman Azzam; Heirs of Sheikh Adbullah Al-Solaiman Al-Hamdan: Ahmed Abdullah Bin Solaiman Al-Solaiman Al-Hamdan; Heirs of Khadijah Saleh Al-Fadhl: Abdulaziz Abdullah Al-Solaiman Al-Hamdan; Heirs of Dala' Adil Abdul-Qader Qabbani, Mazen Bin Adil Bin Abdul-Qader Qabbani; Heirs of Fahad Abdullah Al-Solaiman Al-Hamdan: Shafia' Saif Ahmed Abu Hlail, Abdullah Fahad Abdullah Al-Solaiman Al-Hamdan, Zaid Fahad Abdullah Al-Solaiman Al-Hamdan, Sumayyah Fahad Abdullah Al-Solaiman Al-Hamdan; Heirs of Mohammad Abdullah Al-Solaiman Al-Hamdan: Hayat Yahya Abdullah | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § CASE NO.<br><br>H 18 1807 |

1

Noori, Salah Mohammad Abdullah Al-Solaiman, Khadijah Mohammad Abdullah Al-Solaiman; Heirs of Laila Mohammad Abdullah Al-Solaiman: Faisal Majed Mohammad Al-Solaiman, Sarah Majed Mohammad Al-Solaiman; Heirs of Khalid Abdullah Al-Solaiman Al-Hamdan: Laila Ibrahim Abu Samrah, Yazeed Khalid Abdullah Al-Solaiman Al-Hamdan, Waleed Khalid Abdullah Al-Solaiman Al-Hamdan, Tariq Khalid Abdullah Al-Solaiman Al-Hamdan; Heirs of Loulwa Abdullah Al-Solaiman Al-Hamdan: Ruqayyah Abdul-Rahman Al-Rasheed; Heirs of Mohammad Abdul-Rahman Al-Rasheed: Asma' Bint Abdullah Mohammad Al-Rasheed, Bandar Bin Mohammad Bin Abdul-Rahman Al-Rasheed, Sultan Mohammad Abdul-Rahman Al-Rasheed, Majed Bin Mohammad Abdul-Rahman Al-Rasheed, Nada Bint Mohammad Abdul-Rahman Al-Rasheed, Basmah Bint Mohammad Abdul-Rahman Al-Rasheed; Heirs of Madhawi Bint Abdullah Al-Solaiman Al-Hamdan: Munawwar Ateeq Mohammad Al-Solaiman Al-Hamdan, Fattoum Ateeq Mohammad Al-Solaiman Al-Hamdan; Heirs of Asma' Abdullah Al-Solaiman Al-Hamdan: Hamad Bin Saad Bin Hamad Al-Solaiman, Basmah Hashim Saeed Hashim; Fatimah Abdullah Al-Solaiman Al-Hamdan; Hind Bint Abdullah Al-Solaiman Al-Hamdan and her estate,

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

                                Petitioner,

                 v.

ARAB AMERICAN OIL COMPANY (*aka*, "ARAMCO"), a Delaware Corporation with corporate headquarters in Houston, Texas; and ARAMCO SERVICES COMPANY, a Delaware corporation and U.S. Subsidiary of Saudi Aramco with corporate offices in Houston, Texas.

                              Respondents.

I. **PETITION FOR ENFORCEMENT OF FOREIGN ARBITRAL AWARD**

Pursuant to 9 U.S.C. § 207, *et. seq.,* the above captioned Petitioners ("Petitioners") by and through their attorneys of record, Edward C. Chung, Dima N. Malhas and Mark Mantel, with the law firm of CHUNG, MALHAS & MANTEL, PLLC, aver and pray in support of their Petition for Enforcement of Foreign Arbitral Award that this Court: (i) confirm and recognize the *final* arbitral Award dated June 3, 2015 (the "Award"), in the arbitration between Petitioners and the Arab American Oil Company ("Aramco"), including all predecessors and related entities; (ii) entering judgment in Petitioners' favor against Aramco and its U.S. subsidiary, Aramco Services Company (ASC) in the amount of the Award, plus attorneys' fees and costs; and (iii) awarding Petitioners such other and further relief as the Court deems just and proper. In support of its Petition and Motion, Petitioners state the following:

II. **NATURE AND SUMMARY OF PROCEEDINGS**

1. This is a proceeding to confirm a foreign international arbitral award subject to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 201, *et seq*. In accordance with the terms of a July 29, 1933 first Petroleum Agreement (the "Concession Agreement")[1], the above captioned Petitioners initiated and provided notice to Respondents of arbitration proceedings to be adjudicated by the International Arbitration Center ("IAC"), located in Cairo, Egypt.

---

[1] Attached hereto as **Exhibit A** and incorporated herein by reference is a true and correct certified copy of July 29, 1933 first Petroleum Agreement (*aka*, the "Concession Agreement").

2. On June 3, 2015 the arbitration panel rendered an arbitral Award[2] in favor of Petitioners. The Award justly compensated Petitioners for Respondents owed rental value and usurpation of oil rich plots of land deeded to Petitioners that extended Thirty-Nine Million Eight Hundred Eighty-Five Thousand Square Meters (Sq.M. 39,885,000) within the Kingdom of Saudi Arabia. The total sum on the award amounted to Sixty-Seven Billion, Two Hundred and Ninety Two Million, Four Hundred and Seventy Five Thousand (SAR 67,292,475,000.00) Saudi Riyals (SAR); an equivalent of Seventeen Billion, Nine Hundred and Forty-Three Million, Eight Hundred and Seventy Four Thousand, Nine Hundred and Twenty One United States Dollars ($17,943,874,921.10 (USD)). Pursuant to the arbitration terms and the choice of law clause governing law the Concession Agreement, the arbitral award was conclusive and final if it was not appealed within sixty days (60) days after the issuance of the decision. Chevron nor Aramco appealed the decision and it therefore became final and eligible for confirmation under the New York Convention on August 2, 2015.

### III. THE PARTIES

3. The above captioned Petitioners are the heirs of the late Sheikh Abdullah Al-Solaiman Al-Hamdan and Sheikh Khalid Abu AlWaleed Al-Oarqani, and beneficiaries and titleholders of the lands that was the subject of the arbitration proceedings adjudicated by the International Arbitration Center, located in Cairo, Egypt. The above captioned Petitioners are also the prevailing parties identified in the June 3, 2015 arbitral award.

4. The Arab American Oil Company ("Aramco"), the U.S. counterpart to Saudi Aramco is a Delaware corporation with corporate headquarters in Houston, Texas

---

[2] Attached hereto as **Exhibit B** and incorporated herein by reference is a true and correct certified copy of June 3, 2015 arbitral award issued by the International Arbitration Center.

5.  Aramco Services Company (ASC) is the U.S.-based subsidiary of Saudi Aramco incorporated in Delaware with corporate headquarters in Houston Texas.

### III. JURSIDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203, which states that the United States district courts "shall have original jurisdiction" over an action that falls under the New York Convention. Jurisdiction also is proper under 28 U.S.C. § 1331, as this action is "deemed to arise under the laws and treaties of the United States," as stated in 9 U.S.C. § 203.

7.  This Court has personal jurisdiction over Respondents because the named Respondents have corporate headquarters that are in this District, Respondents advertise and solicit business in this District, have property located in this District, and have regular, continuous. and systematic contacts within the District to justify the exercise of jurisdiction over Respondents and its property.

8.  Venue in this Court is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391.

### IV. STATEMENT OF FACTS

9.  On June 3, 2015 the heirs of the late Sheikh Abdullah Al-Solaiman Al-Hamdan and Sheikh Khalid Abu AlWaleed Al-Oarqani, and beneficiaries and titleholders[3] of oil fields in Saudi Arabia that were the subject of the dispute between the above captioned parties, obtained an arbitration award against Aramco, Chevron Corporation, Chevron U.S.A., and Chevron Saudi Arabia. This award was issued by the International Arbitration Center ("IAC"), located at 14 Ismael Al-Mazni, Street, Nuzha, Cairo, in the Arab Republic of Egypt. The basis for the award related to a July 29, 1933 Petroleum Agreement (the "Concession Agreement") entered into by and between the Saudi Government and the Arab American Oil Company (Standard Oil of California). *See*, **Exhibit A** attached hereto and incorporated herein by reference.

---

[3] Attached hereto as **Exhibit C** and incorporated herein by reference is a true and correct certified copy of the deeed evidencing Petitioners' ownership of the land.

10. The factual basis for the dispute, which is provided in detail in the certified translation of the Award attached hereto as **Exhibit B**, was the result of Aramco failing to pay compensation to the Petitioners for oil rich plots of land deeded to Petitioners that extended Thirty-Nine Million Eight Hundred Eighty-Five Thousand Square Meters (Sq.M. 39,885,000) within the Kingdom of Saudi Arabia.

11. The terms, conditions and the standing of the parties initiating arbitration was memorialized in the Concession Agreement and the Deed for the land attached hereto as **Exhibit C**.

12. Article 1 of the Concession Agreement allowed Respondents to remain on the land for a period of sixty (60) years. It also provided that the Concession Agreement was binding on all successors in interest in the land; thereby binding Aramco, Chevron Corporation, Chevron U.S.A., and Chevron Saudi Arabia.

13. In 2005 the timeframe for Aramco and its counterparts to return the land to the heirs had passed. Aramco refused to return such lands to the Petitioners, the present-day heirs and owners of the oil rich plots of land. It should be noted that Aramco, since the Concession Agreement went into effect, nationalized 1980 wherein it is now wholly owned by the government of the Kingdom of Saudi Arabia.

14. In consideration of the fact that Aramco was nationalized and it ignored the demands of the heirs and rightful owners of the land to reclaim their property, the Petitioners invoked their rights under Article 31 of the Concession Agreement to commence arbitration proceedings at the International Arbitration Center ("IAC"), located in Cairo, Egypt.

15. The IAC, in conformance with the governing law clause of the Concession Agreement applied Saudi law. Accordingly, it invoked Article 28 of the Saudi Arbitration Law as well as the IAC regulations for arbitration.

16. The IAC, after hearing evidence and applying the applicable law, rejected many of the Petitioners claims, but awarded Petitioners for the following claims: (1) the taking of the property; and (2) the ten (10) year rental value for the time that Respondents failed to compensate Petitioners. The total sum on the award amounted to Sixty-Seven Billion, Two Hundred and Ninety-Two Million, Four Hundred and Seventy Five Thousand (SAR 67,292,475,000.00) Saudi Riyals (SAR); an equivalent of Seventeen Billion, Nine Hundred and Forty-Three Million, Eight Hundred and Seventy Four Thousand, Nine Hundred and Twenty One United States Dollars ($17,943,874,921.10 (USD)).

17. Pursuant to the arbitration terms and the choice of law clause governing law the Concession Agreement, the arbitral award was conclusive and final if it was not appealed within sixty days (60) days after the issuance of the decision. Aramco nor Chevron appealed the decision and it therefore became final and eligible for confirmation under the New York Convention on August 2, 2015. Petitioners now timely seek confirmation of the arbitral award.

## V. **LEGAL ARGUMENT**

18. The Award entered between the parties in this matter is "binding on the parties" within the meaning given that term by the New York Convention on the Recognition of Foreign Arbitral Awards, T.I.A.S. No. 6997, 21 U.S.T. 2517 (1958) (the "New York Convention"), as adopted and implemented in the United States pursuant to Chapter Two of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq* (the "FAA"). Because the Award was issued in Egypt, the United States is a "secondary jurisdiction" and can only refuse to confirm and enforce the award on the limited grounds provided under Article V(1) and (2) of the New York Convention. For the reasons more fully set forth herein, this Court should confirm the Award and enter judgment against Aramco and its U.S. based subsidiary Aramco Services Company (ASC).

19. As noted by the Fifth Circuit, "judicial enforcement of arbitration agreements and awards ought to be 'summary and speedy' out of respect for the parties' bargain to keep their disputes out of court." *McDermott Int'l., Inc. v. Lloyds Underwriters of London*, 120 F.3d 583, 588 (5th Cir. 1997) (citation omitted); *accord Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (*"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."*). Because the Award in this case was issued as a result of Egypt arbitration conducted pursuant to Saudi law, this Court is one of "secondary jurisdiction" under the New York Convention. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003) ("*Karaha Bodas I*"). "[A] secondary jurisdiction court must enforce an arbitration award unless it finds one of the grounds for refusal or deferral of recognition or enforcement specified in the Convention." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3 274, 288 (5th Cir. 2004) ("*Karaha Bodas II*") (*quoting,* 9 U.S.C. § 207).

20. "The court may not refuse to enforce an arbitral award solely on the grounds that the arbitrator may have made a mistake of law or fact," and "[a]bsent extraordinary circumstance, a confirming court is not to reconsider an arbitrator's findings." *Id.* (*citations omitted*). Defenses to enforcement under the New York Convention are construed narrowly, and the party defending against enforcement of the arbitral award bears the burden of proof. *Id.* This Court should therefore confirm and enforce the Award unless Respondents can carry its burden of showing the applicability of one of the enumerated grounds set forth in Article V(1) or (2) of the New York Convention.

21. The Federal Arbitration Act embodies a "liberal federal policy favoring arbitration agreements." *AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1749 (U.S. 2011). *"The party seeking to compel arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence."* *Grant v. Houser*, 469 Fed. Appx. 310, 315 (5th Cir. 2012) (*per curiam*). *"[T]here is a 'strong federal policy in favor of enforcing arbitration agreements.'"* *Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co.*, 243 F.3d 906, 909 (5th Cir. 2001). Because of this strong presumption, *"a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity."* *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 297 (5th Cir. 2004).

22. Aramco was aware of the proceedings at the IAC. It is important to note that Article II (2) of the New York Convention states that "[t]he term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." (*emphasis added*). At the arbitration proceedings, evidence was presented related to Petitioners claims for return of their property.

23. The Award finally decides all of the parties' claims. Consistent with this determination. the Award requires Respondents to make pay the principal amount due. Therefore, the Award should be confirmed and enforced under the New York Convention and the Federal Arbitration Act.

## VI. <u>CONCLUSION</u>

24. For the foregoing reasons, the above captioned Petitioners respectfully requests that this Court confirm the June 3, 2015 Award and enter judgment in its favor as set forth in the accompanying Proposed Order Confirming Arbitral Award and the Proposed Judgment.

9

*Respectfully submitted this 1st day of June, 2018.*

CHUNG, MALHAS & MANTEL PLLC.

_____
Edward C. Chung, WSBA# 34292
*Pro Hac Vice* Counsel & Attorney for Petitioners
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Email: Echung@cmmlawfirm.com
Phone: (206) 264-8999
Facsimile: (206) 264-9098

_____
Dima N. Malhas, WSBA# 44370
*Pro Hac Vice* Counsel & Attorney for Petitioners
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Email: Dmalhas@cmmlawfirm.com
Phone: (206) 264-8999
Facsimile: (206) 264-9098

_____
Mark Mantel, New York Bar# 3951712
*Pro Hac Vice* Counsel & Attorney for Petitioners
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Email: Mmantel@cmmlawfirm.com
Phone: (206) 264-8999
Facsimile: (206) 264-9098