## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WALEED BIN KHALID ABU AL-<br>WALEED AL-QARQANI, *et al.*, | § | |
| | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-1807 |
| | § | |
| ARABIAN AMERICAN OIL | § | |
| COMPANY and ARAMCO SERVICES | § | |
| COMPANY, | § | |
| | § | |
| Respondents. | § | |
| | § | |
| | § | |

---

## MOTION TO DISMISS
## BY RESPONDENT ARAMCO SERVICES COMPANY

---

Robert E. Meadows
Andrew M. Stakelum
KING & SPALDING LLP
1100 Louisiana St. Ste. 4000
Houston, TX 77002
(713) 751-3200

James E. Berger
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

*Counsel for Respondent*
*Aramco Services Company*

## TABLE OF CONTENTS

Page

RELIEF REQUESTED .................................................................................................. 1

PROCEDURAL BACKGROUND ................................................................................... 1

STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ................................... 2

SUMMARY OF THE ARGUMENT ............................................................................... 4

ARGUMENT ............................................................................................................... 5

I.    The Court Should Dismiss the Amended Petition Pursuant to Fed. R. Civ. P.
      12(b)(1) for Lack of Subject-Matter Jurisdiction ............................................. 5

II.   The Court Should Dismiss the Amended Petition Pursuant to Fed. R. Civ. P.
      12(b)(6) for Failure to State a Claim ................................................................ 8

      A.    ASC Is Not Alleged to Have Been a Party to Any Agreement to
            Arbitrate with the Al-Qarqanis ............................................................... 8

      B.    The Al-Qarqanis Failed to Supply Evidence of an Arbitration
            Agreement with the Amended Petition .................................................... 9

      C.    ASC Is Not Alleged to Have Been a Party to the Arbitration ............. 10

      D.    ASC Is Not Alleged to be Liable for an Alleged Award against
            Arabian American Oil Company ........................................................... 11

            1.    Issues of Third-Party Liability Should Not Be Resolved in
                  a Confirmation Proceeding ........................................................ 12

III.  The Court Should Refuse Recognition of the Alleged Award Under Article V
      of the New York Convention ........................................................................... 14

      A.    The Court Should Refuse Recognition of the Alleged Award
            Under Article V(2) of the New York Convention .................................. 14

      B.    The Court Should Refuse Recognition of the Alleged Award
            Under Article V(1)(b) of the New York Convention ............................. 16

      C.    Other Valid Defenses May Exist that Are Not Apparent on the
            Face of the Amended Petition ............................................................... 17

CONCLUSION ......................................................................................................... 18

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ace Am. Ins. Co. v. Huntsman Corp.*,
  255 F.R.D. 179 (S.D. Tex. Sep. 26, 2008) ............................................................................12

*Al-Qarqani et al. v. Chevron Corp. et al.*,
  Case No. 4:18-cv-03297-JSW (N.D. Cal. June 1, 2018) ..........................................................2

*Arbitration between Exceed Int'l Ltd. v. DSL Corp.*,
  2014 WL 1761264, at *3 (S.D. Tex. Apr. 30, 2014 ...............................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................3

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  5 F. Supp. 3d 25, 38 (D.D.C. 2013), aff'd, 794 F.3d 99 (D.C. Cir. 2015) .............................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................11

*Bridas Sapic v. Gov't of Turkmenistan*,
  345 F.3d 347 (5th Cir. 2003) ..................................................................................................11

*China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*,
  334 F.3d 274 (3d Cir. 2003) ....................................................................................................15

*Czarina, LLC v. W.F. Poe Syndicate*,
  358 F.3d 1286 (11th Cir. 2004) ................................................................................................7

*DK Joint Venture 1 v. Weyand*,
  649 F.3d 310 (5th Cir. 2011) ...............................................................................................8, 9

*Dynamo v. Ovechkin*,
  412 F. Supp. 2d 24 (D.D.C. 2006) ...........................................................................................7

*Exceed Int'l Ltd. v. DSL Corp.*,
  No. CIV.A. H-13-2572, 2014 WL 1761264 (S.D. Tex. Apr. 30, 2014) ..................................13

*First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*,
  703 F.3d 742 (5th Cir. 2012) ....................................................................................................7

*First Options, Inc. v. Kaplan*,
  514 U.S. 938, 115 S.Ct. 1920 (1995) ................................................................................14, 15

*Freudensprung v. Offshore Tech. Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ...................................................................6

*Gonzalez v. United States*,
   851 F.3d 538 (5th Cir. 2017) ...................................................................2

*Grigson v. Creative Artists Agency, L.L.C.*,
   210 F.3d 524 (5th Cir. 2000) ...................................................................8

*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi
      Negara*,
   364 F.3d 274 (5th Cir. 2004) .........................................................3, 15, 16

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
   335 F.3d 357 (5th Cir. 2003) ...................................................................9

*Kidd v. Symbion, Inc.*,
   2011 WL 4020814 (E.D. La. Sept. 9, 2011) .........................................12

*Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S. A.*,
   312 F.2d 299 (2d Cir. 1963).....................................................................13

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ...................................................................2

*Sarhank Grp. v. Oracle Corp.*,
   404 F.3d 657 (2d Cir. 2005).....................................................................14

*Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*,
   767 F.2d 1140 (5th Cir. 1985) ...................................................................6

*Sphere Drake Ins. PLC v. Marine Towing, Inc.*,
   16 F.3d 666 (5th Cir. 1994) ......................................................................7

*Stemcor USA Inc. v. Cia Siderurgica
      do Para Cosipar*, 895 F.3d 375, 378 (5th Cir. 2018) ...........................6

*Transocean Offshore Gulf of Guinea VII Ltd. v. Erin Energy Corp.*,
   No. CV H-17-2623, 2018 WL 1251924 (S.D. Tex. Mar. 12, 2018).........3

*United States v. Bestfoods*,
   524 U.S. 51 (1998)....................................................................................11

*Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989)...................................................................................9

iii

*Wartsila Finland OY v. Duke Capital LLC,*
   No. H-06-3187, 14-15 (S.D. Tex. Dec. 6, 2006) (Memorandum Opinion and
   Order) ...................................................................................................................12

*White Rosebay Shipping S.A. v. HNA Group Co., Ltd.,*
   No. C-12-096, 2012 WL 6858239 (S.D. Tex. Dec. 5, 2012) ...................................11

**Statutes/Rules**

9 U.S.C. § 6 .....................................................................................................................12

9 U.S.C. § 9 .....................................................................................................................13

9 U.S.C. §§ 201–08 .................................................................................... *passim*

21 U.S.T. 2517, 330 U.N.T.S. 38, June 10, 1958 ................................................. *passim*

Fed. R. Civ. P. 11 ..............................................................................................................5

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ...................................... *passim*

**Other Authorities**

Chapter 2 of the Federal Arbitration Act ("FAA") ................................................ *passim*

**RELIEF REQUESTED**

Respondent Aramco Services Company ("ASC") requests an order dismissing the Amended Petition for Enforcement of Foreign Arbitral Award (the "Amended Petition") (Dkt. No. 9) against ASC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); or, in the alternative, refusing confirmation of the purported arbitral award as to ASC under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (entered into force with respect to the United States, Dec. 29, 1970), implemented at 9 U.S.C. §§ 201–08.

**PROCEDURAL BACKGROUND**

This confirmation proceeding involves an alleged $18 billion arbitral award dated June 3, 2015, which Petitioners Al-Qarqani *et al.* (the "Al-Qarqanis") allegedly obtained against Arabian American Oil Company, Chevron Corporation, Chevron U.S.A., and Chevron Saudi Arabia (the "Award"). Dkt. No. 9, ¶9. ASC, however, is not alleged to have been a party to any agreement to arbitrate, is not alleged to have participated in any arbitration, and is not alleged to be a named respondent in the alleged Award. Dkt. No. 9.

The Al-Qarqanis filed their original petition on June 1, 2018 — days before the expiration of the 3-year statute of limitations to confirm the alleged Award. Dkt. No. 1. They filed their Amended Petition on August 15, 2018. Dkt. No 9. The Amended Petition seeks confirmation of the alleged Award and the entry of a judgment in the Al-Qarqanis' favor against Arabian American Oil Company and ASC in the amount of the alleged Award, plus attorneys' fees and costs. Dkt. No. 9, p. 3. ASC was served with summons on August 22, 2018. Dkt. No. 14.

1

The Al-Qarqanis have commenced a separate proceeding in the United States District Court for the Northern District of California to confirm the alleged Award against Chevron Corporation and Chevron U.S.A., Inc. (together, "Chevron").[1] Chevron has filed a Motion to Dismiss that proceeding alleging the Award, issued by the purported "International Arbitration Center" in Cairo, Egypt, is a "sham" and the subject of a criminal investigation.  *See* Declaration of Robert E. Meadows, dated September 12, 2018 ("Meadows Decl."), ¶ 1; Ex. A.

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

The issues to be decided in this motion are (1) whether the Court has subject-matter jurisdiction to confirm the alleged Award against ASC; (2) whether the Al-Qarqanis have stated a claim to confirm the alleged Award against ASC; and (3) whether the New York Convention permits the Court to confirm the alleged Award against ASC.  The answer to each of these questions is no; and answering no to any of these questions warrants the dismissal of the Amended Petition against ASC.

Courts may find a lack of subject-matter jurisdiction based on "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."  *Gonzalez v. United States*, 851 F.3d 538, 543

---

[1] *See Al-Qarqani et al. v. Chevron Corp. et al.*, Case No. 4:18-cv-03297-JSW (N.D. Cal. June 1, 2018).  A true and correct copy of the Motion to Dismiss filed by Chevron in those proceedings is attached as Exhibit A to the accompanying Declaration of Robert E. Meadows for this Court's reference.  The voluminous supporting exhibits have been omitted from this filing for the sake of brevity.

(5th Cir. 2017).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Transocean Offshore Gulf of Guinea VII Ltd. v. Erin Energy Corp.*, No. CV H-17-2623, 2018 WL 1251924, at *3 (S.D. Tex. Mar. 12, 2018) ("[T]he plaintiff constantly bears the burden of proof that [subject matter] jurisdiction does in fact exist.").  Accordingly, the Al-Qarqanis constantly bear the burden of proof that jurisdiction does in fact exist.  *Id.*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), a complaint — here, the Amended Petition — "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  While the district court must accept all well-pleaded facts as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

The New York Convention is enforced in United States courts pursuant to its implementing legislation, Chapter 2 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 201 (the New York Convention "shall be enforced in United States courts in accordance with this chapter"); *see Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004). With respect to any arbitral award falling under the New York Convention, the FAA permits a party to the arbitration to apply to the federal courts for "an order

3

confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. The court must confirm the award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id*.

### SUMMARY OF THE ARGUMENT

The Amended Petition does not allege that ASC was a party to any agreement to arbitrate, participated in the arbitration, or is a named respondent in the alleged Award. These basic, indisputable facts appear on the face of the Amended Petition and require its dismissal as to ASC.

***First***, without an agreement to arbitrate, the New York Convention cannot apply and this Court lacks subject-matter jurisdiction to confirm the alleged Award against ASC. The Al-Qarqanis do not allege that ASC was party to such an agreement and they have provided no evidence that any agreement to arbitrate with ASC exists.

***Second***, the Amended Petition does not state a claim to confirm an arbitral award against a party who, like ASC, is a stranger to the underlying controversy and a non-party to both the arbitration agreement and the arbitration. Nor does the Amended Petition allege any facts that would support a claim that ASC should be responsible for any obligations incurred by a named respondent in the alleged Award. Nor could it. ASC is not affiliated with Arabian American Oil Company, an entity that was dissolved in 1990 according to the Delaware Secretary of State — 25 years before the alleged Award. *See* Declaration of Bobby J. Horton, dated September 12, 2018 ("Horton Decl.").

4

***Third***, these same basic, indisputable facts support several defenses to confirming the alleged Award under the New York Convention. The due process concerns embodied in the New York Convention prevent the Al-Qarqanis from confirming the alleged Award against a party that did not agree to arbitrate, did not receive notice of the arbitration, and is not named in the alleged Award.[2]

ARGUMENT

## I.   The Court Should Dismiss the Amended Petition Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject-Matter Jurisdiction

To confirm a foreign arbitral award pursuant to the New York Convention, this Court must have subject-matter jurisdiction. Subject-matter jurisdiction is conferred by Section 203 of the FAA, which provides a federal court with original jurisdiction over all "action[s] or proceeding[s] falling under the Convention." 9 U.S.C. § 203. "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202.

---

[2] On September 11, 2018, counsel for ASC served counsel for the Al-Qarqanis with a letter stating that the Amended Petition was frivolous within the meaning of Fed. R. Civ. P. 11, providing legal authorities to support this position, demanding that the Amended Petition be voluntarily withdrawn immediately as to ASC, and giving notice that ASC would seek its fees and costs in opposing the Amended Petition (as well as its fees and costs in making that motion) in 21 days if ASC was not dismissed from the case. Meadows Decl. ¶ 3; Ex. B. The Al-Qarqanis have not done so as of the filing of this motion. *Id.* Accordingly, ASC hereby reserves its right to seek its fees and costs in opposing the Amended Petition, and in making its motion for fees and costs, on or after October 2, 2018.

The Amended Petition relies on the application of the New York Convention as the sole basis for this court's subject-matter jurisdiction.  Dkt. No. 9, ¶6.  In order to establish subject-matter jurisdiction, however, it is not enough merely to invoke Section 203 or claim that the case falls within it.  The Fifth Circuit has held that "[f]or a federal court to have jurisdiction under the Convention two requirements must be met: (1) there must be an arbitration agreement or award that falls under the Convention, and (2) the dispute must relate to that arbitration agreement." *Stemcor USA Inc. v. Cia Siderurgica do Para Cosipar*, 895 F.3d 375, 378 (5th Cir. 2018).

Accordingly, the first step for determining jurisdiction is deciding whether the "arbitration agreement or award ... falls under the Convention."  *Id.*  For an arbitration agreement to be covered by the Convention, four requirements must be met: (1) there must be an agreement in writing to arbitrate the dispute; (2) the agreement must provide for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) at least one party to the agreement must not be an American citizen.  *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1144–45 (5th Cir. 1985).

The Al-Qarqanis have failed to demonstrate the first of these factors:  the existence of an agreement to arbitrate with ASC.  The Amended Petition alleges the existence of an agreement to arbitrate, ***but does not allege ASC to be a party to***

*that agreement*. Dkt. 9, ¶12. This agreement allegedly is in the form of a July 29, 1933 Petroleum Agreement (the "1933 Concession Agreement") entered into by the Saudi Government and the Standard Oil Company of California (attached to the Amended Petition as Exhibit A), which is allegedly incorporated by reference into a 1949 deed allegedly evidencing the Al-Qarqanis' ownership of certain parcels of land (the "1949 Deed") (attached to the Amended Petition as Exhibit C). Dkt. No. 9, ¶¶ 9-11; Exs. A, C. The only parties alleged to be bound to these agreements are Arabian American Oil Company, Chevron Corporation, Chevron U.S.A., and Chevron Saudi Arabia. Dkt. No. 9, ¶12. Nor could ASC have agreed to arbitrate under the alleged 1933 Concession Agreement and 1949 Deed because ASC was not incorporated until 1950. Horton Decl., ¶3.

Accordingly, the Al-Qarqanis have failed to establish this Court's subject-matter jurisdiction and the Amended Petition should be dismissed.[3] *See, e.g., Czarina, LLC v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 (11th Cir. 2004) (holding that "the party seeking confirmation of an award falling under the Convention must meet article IV's prerequisites to establish the district court's subject matter

---

[3] The Amended Petition's allegation that ASC's co-respondent may have been party to an agreement to arbitrate, (Dkt. No. 9, ¶12), does not create subject-matter jurisdiction over the Al-Qarqanis' claim against ASC. Assuming *arguendo* that Arabian American Oil Company was a party to an agreement to arbitrate, this court does not have personal jurisdiction over Arabian American Oil Company—a non-existent entity whose purported registered agent for service of process (*i.e.*, CT Corporation System) rejected the attempted service and notified the Al-Qarqanis that service could not be affected. Horton Decl., ¶ 4; Ex. A; Meadows Decl., ¶ 4; Ex. C; *see First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.,* 703 F.3d 742, 750 (5th Cir. 2012) (court must have personal jurisdiction over respondent to confirm foreign arbitral award under New York Convention).

jurisdiction to confirm the award."); *Dynamo v. Ovechkin*, 412 F. Supp. 2d 24, 27 (D.D.C. 2006) (finding that where a petitioner fails to satisfy New York Convention's requirement of an "agreement in writing" to arbitrate, the court ***must dismiss*** a proceeding to confirm award for lack of subject-matter jurisdiction); *see also Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 n.5 (5th Cir. 1994) (noting, in connection with respondent's argument that absence of an agreement to arbitrate deprived court of subject-matter jurisdiction, that Article II of the Convention provides that "[t]he Convention applies if there is 'an agreement in writing' in which the parties undertake to submit their differences to arbitration").

## II.   The Court Should Dismiss the Amended Petition Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim

The Amended Petition requests, pursuant to 9 U.S.C. § 207, that this Court "confirm and recognize the final arbitral Award" and enter judgment in the Al-Qarqanis' favor against ASC.  Dkt. No. 9, p. 3.  The Amended Petition, however, fails to state a claim upon which this relief can be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### A.   ASC Is Not Alleged to Have Been a Party to Any Agreement to Arbitrate with the Al-Qarqanis

It is well-settled that an arbitral award may not be confirmed against an entity that did not consent to arbitration.  *See DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 312 (5th Cir. 2011) (finding that award could not be confirmed against two respondents "because under ordinary principles of contract and agency law, Weyand and Thiessen were not personally bound by the arbitration agreements"); *see also*

*Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (noting that "arbitration is a matter of contract and cannot, in general, be required for a matter involving an arbitration agreement nonsignatory").  This is because "[a]rbitration is strictly a matter of contract.  If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."  *DK Joint Venture 1*, 649 F.3d at 316 (citation and internal quotation marks omitted); *see also Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) ("[T]he FAA does not require parties to arbitrate when they have not agreed to do so.").

As discussed above, the Amended Petition does not allege the existence of an agreement to arbitrate between the Al-Qarqanis and ASC.  Accordingly, the Amended Petition fails to state a claim for the confirmation of the alleged Award against ASC.

### B.   The Al-Qarqanis Failed to Supply Evidence of an Arbitration Agreement with the Amended Petition

Article IV of the New York Convention provides that in order to obtain recognition and enforcement of an arbitral award falling under the Convention, the party seeking recognition shall, at the time of the application, supply (a) a "duly authenticated original [arbitral] award or a duly certified copy" and (b) the "original" agreement to arbitrate or a "duly certified copy."  *See* New York Convention, 21 U.S.T. 2517, Art. IV § 1(a)-(b); *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 368 (5th Cir. 2003) ("Article IV provides that a party can obtain enforcement of its award by

9

furnishing to the putative enforcement court the authenticated award and the original arbitration agreement (or a certified copy of both).").

As another court has held, "[t]he purpose of Article IV's 'original ... or duly certified copy' requirement is to require the petitioner to prove that the relevant documents exist." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 5 F. Supp. 3d 25, 38 (D.D.C. 2013), aff'd, 794 F.3d 99 (D.C. Cir. 2015).  The documents submitted by the Al-Qarqanis in support of their Amended Petition do not satisfy this requirement.  The 1933 Concession Agreement, which is alleged to contain the arbitration agreement and to which ASC is not alleged to be bound, is illegible.  Dkt. No. 9, Ex. A.

As the Al-Qarqanis have failed to supply the necessary evidence of an arbitration agreement, they have failed to satisfy the prerequisites to relief set forth in Article IV of the Convention.  The Amended Petition, therefore, fails to state a claim for recognition of the alleged Award under the Convention.

### C.    ASC Is Not Alleged to Have Been a Party to the Arbitration

Section 207 of the FAA provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award *as against any other party to the arbitration*."  9 U.S.C. § 207 (emphasis supplied).  As the Amended Petition plainly alleges, the other alleged parties in the arbitration were "[Arabian American Oil Company], Chevron Corporation, Chevron U.S.A., and Chevron Saudi Arabia."  Dkt. 9, ¶ 9.  The Amended Petition does not allege that ASC was a party to the arbitration.  It was not.  Because ASC is not "any

other party to the arbitration," the Amended Petition fails to state a claim for relief under Section 207 of the FAA against ASC.

### D.   ASC Is Not Alleged to be Liable for an Alleged Award against Arabian American Oil Company

The Amended Petition fails to allege any facts that could, if proven true, render ASC liable for the alleged Award according to principles of third-party liability.  While there may be limited circumstances where a third party may be bound by an arbitration provision or award, *see Bridas Sapic v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003) (listing incorporation by reference, assumption, agency, veil-piercing, estoppel and third-party beneficiary as possible grounds for binding a third party to an arbitration agreement), the Amended Petition does not allege any basis for enforcing the alleged Award against ASC.

The Amended Petition alleges that ASC is the U.S. subsidiary of Arabian American Oil Company, (Dkt. No. 9, p. 3), and the U.S. subsidiary of Saudi Aramco.[4]  *Id.* at ¶ 5.  Even if true, these allegations fail to "state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.  The Amended Petition does not allege any additional facts that, if true, would permit this Court to impute Arabian American Oil Company's alleged liability under the alleged Award to ASC.  Moreover, "[i]t is a general principle of corporate law, deeply ingrained in our economic and legal systems, that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for

---

[4] Saudi Aramco is not a party to this proceeding, is not alleged to be a respondent in the alleged Award, and is not alleged to have an agreement to arbitrate with the Al-Qarqanis.

the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, (1998); *White Rosebay Shipping S.A. v. HNA Group Co., Ltd.*, No. C-12-096, 2012 WL 6858239, *4 (S.D. Tex. Dec. 5, 2012) (concluding no conceptual difference in attempting to hold subsidiary corporation liable for obligations of parent corporation).

This is not a question of whether the Amended Petition alleges facts with sufficient particularity or that are plausible. ***There are no other factual allegations as to ASC.*** The Amended Petition's bare allegation of a parent-subsidiary relationship does not state a claim for relief. *See Kidd v. Symbion, Inc.*, 2011 WL 4020814, at *10 (E.D. La. Sept. 9, 2011) (applying Delaware law, where the now defuct entity was incorporated, to state that "[m]ere ownership in a subsidiary is insufficient to pierce the parent's corporate veil.") *See, e.g., Ace Am. Ins. Co. v. Huntsman Corp.,* 255 F.R.D. 179, 198 (S.D. Tex. Sep. 26, 2008) (dismissing claim that wholly owned subsidiary and parent were alter egos for purpose enforcing arbitration agreement where fraud is not alleged).

### 1. Issues of Third-Party Liability Should Not Be Resolved in a Confirmation Proceeding

Even if the Amended Petition had adequately pled such a claim against ASC, this summary proceeding would not be appropriate for adjudicating a third party's liability for the alleged Award. *Wartsila Finland OY v. Duke Capital LLC*, No. H-06-3187, 14-15 (S.D. Tex. Dec. 6, 2006) (Memorandum Opinion and Order) (Dkt. 29) ("The Court also takes notice of the principle that confirmation proceedings are meant to be 'summary and speedy' in nature…and to allow claims [concerning

whether a third-party respondent could be held liable for the arbitral award under a Guaranty Agreement] to be added at this point would be contrary to that principle.") (citing *McDermott Int'l v. Lloyds Underwr*iters, 120 F.3d 583, 588 (5th Cir. 1997)); *see also* 9 U.S.C. § 6 (providing that applications brought under FAA shall be made and heard as motions).

Although the Fifth Circuit does not appear to have addressed whether issues of third-party liability for an arbitral award may be resolved in a summary proceeding to confirm the award, the U.S. Court of Appeals for the Second Circuit has addressed this issue directly in the context of a nondomestic award subject to the New York Convention:

> [W]e hold that an action for confirmation is not the proper time for a District Court to 'pierce the corporate veil.' The usual officer of the confirmation action under 9 U.S.C. § 9 is simply to determine whether the arbitrator's award falls within the four corners of the dispute as submitted to him. This action is one where the judge's powers are narrowly circumscribed and best exercised with expedition. It would unduly complicate and protract the proceeding were the court to be confronted with a potentially voluminous record setting out details of the corporate relationship between a party bound by an arbitration award and its purported 'alter ego'.

*Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S. A.*, 312 F.2d 299, 301 (2d Cir. 1963).  This reasoning comports with that of courts in this District finding that a summary proceeding brought under Chapter Two of the FAA – such as this one – is not a proper procedural vehicle for adjudicating other potentially fact-intensive claims.  *See Arbitration between Exceed Int'l Ltd. v. DSL Corp.*, No. CIV.A. H-13-2572, 2014 WL 1761264, at *9 (S.D. Tex. Apr. 30, 2014) (refusing to permit counterclaims in proceeding to confirm arbitral award under

New York Convention, since "[t]he Convention allows for a summary disposition of the issues," and a "summary proceeding of limited scope serves 'the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expansive litigation.'") (citing *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71–72 (2d Cir. 2012)).

## III.   The Court Should Refuse Recognition of the Alleged Award Under Article V of the New York Convention

If the Court were to find that it has jurisdiction over this proceeding and that the Amended Petition states a claim for relief, it should still refuse to confirm the alleged Award against ASC because of the application of several defenses under Article V of the New York Convention.

### A.   The Court Should Refuse Recognition of the Alleged Award Under Article V(2) of the New York Convention

The alleged Award should not be recognized with respect to ASC pursuant to Article V(2)(a) and/or (b) because ASC did not agree to arbitrate.  Article V(2) of the Convention provides:

> Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that: (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention, 21 U.S.T. 2517, Art. V(2)(a)-(b).

As another court in this District has held, "Article V(2) of the Convention includes a defense against confirmation when the parties did not enter into a valid agreement to arbitrate." *Arbitration between Exceed Int'l Ltd. v. DSL Corp.*, 2014

14

WL 1761264, at *3 (S.D. Tex. Apr. 30, 2014); *see also First Options, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920 (1995) (holding that the arbitrability of a dispute's merits depends on whether a party has agreed to arbitration); *Sarhank Grp. v. Oracle Corp.,* 404 F.3d 657, 662 (2d Cir. 2005) (holding that confirming arbitral award absent consent to arbitrate would violate U.S. public policy, as "[a]n American nonsignatory cannot be bound to arbitrate in the absence of a full showing of facts supporting an articulable theory based on American contract law or American agency law"); *China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.,* 334 F.3d 274, 286 (3d Cir. 2003) ("We therefore hold that a district court should refuse to enforce an arbitration award under the Convention where the parties did not reach a valid agreement to arbitrate, at least in the absence of a waiver of the objection to arbitration by the party opposing enforcement.").

As discussed above, no agreement to arbitrate exists between the Al-Qarqanis and ASC; and the Al-Qarqanis have not alleged or provided any evidence that one exists. The 1933 Concession Agreement and 1949 Deed both predate ASC's incorporation in 1950.   Horton Decl., ¶3.   There is no evidence—or even the allegation—that ASC has succeeded to the interests of any party bound to the 1933 Concession Agreement or 1949 Deed.   Because under U.S. law and policy, an arbitral award may not be enforced against a party that has not agreed to arbitrate, *see First Options,* 514 U.S. at 943, this Court should deny confirmation of the alleged Award against ASC under Article V(2) of the New York Convention.

15

**B.     The Court Should Refuse Recognition of the Alleged Award Under Article V(1)(b) of the New York Convention**

Under Article V(1)(b), enforcement of a foreign arbitral award may be denied if the party challenging the award was "not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present [its] case." New York Convention, 21 U.S.T. 2517, Art. V(1)(b).

Article V(1)(b) "essentially sanctions the application of the forum state's standards of due process," in this case, the United States standards of due process. A fundamentally fair hearing requires that a party to a foreign arbitration be able to present its case. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 298–99 (5th Cir. 2004). A fundamentally fair hearing is one that "meets 'the minimal requirements of fairness'—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Id.* (citing *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 592 (7th Cir. 2001)). The parties must have an opportunity to be heard "at a meaningful time and in a meaningful manner." *Id.* (citing *Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992)).

ASC did not agree to arbitrate with the Al-Qarqanis and it was not named as a respondent in the arbitration. As a result, ASC did not receive any notice from the Al-Qarqanis of their appointment of an arbitrator or their initiation of arbitration proceedings. Horton Decl., ¶5. The Al-Qarqanis do not allege differently. The minimal requirements of fairness must bar the Al-Qarqanis from

confirming an $18 billion alleged Award against a complete stranger to the arbitration and to whom they failed to provide notice of the arbitration proceeding.

### C.   Other Valid Defenses May Exist that Are Not Apparent on the Face of the Amended Petition

While the merits of certain defenses under the New York Convention are apparent on the face of the Amended Petition, the merits of other defenses would not be apparent to a non-party to the arbitration.  Chevron's Motion to Dismiss the Al-Qarqanis' proceeding to confirm the same alleged Award asserts additional defenses under the New York Convention that presumably would apply equally to this proceeding.  Chevron alleges that the composition of the arbitral authority and the arbitral procedure violated the arbitration agreement, (New York Convention, 21 U.S.T. 2517, Art. V(1)(b)), and that the alleged Award is "beyond the scope of the submission to the arbitration."  New York Convention, 21 U.S.T. 2517, Art. V(1)(c)). Meadows Decl., ¶2; Ex. A, p. 26-38.  Chevron also alleges additional grounds to support the defenses provided in Articles V(1)(b) and V(2), *supra*.

Because ASC was a complete stranger to this arbitration, it does not know how the arbitration was conducted and cannot adequately defend against this confirmation proceeding on the merits.  This demonstrates the due process concerns involved in confirming an alleged Award against a non-party to that arbitration.  At a minimum, if the Court does not dismiss the Amended Petition for the reasons set forth in this motion, ASC requests a fair opportunity to investigate the circumstances giving rise to the arbitration and the alleged Award so that it may adequately defend against what Chevron describes as "an $18 billion arbitral

17

'award' issued by a suspect Egyptian arbitration center that is the subject of an ongoing criminal investigation." *See* Meadows Decl., ¶2; Ex. A , p. 1.

## CONCLUSION

For these reasons, the Court should dismiss the Amended Petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, issue an order refusing confirmation of the alleged Award under Article V of the New York Convention.

Dated:  September 12, 2018          Respectfully Submitted,

KING & SPALDING LLP

*Robert E. Meadows*
Robert E. Meadows
Texas Bar. No. 13885700
S.D. Tex. Bar No. 2856
Andrew Stakelum
Texas Bar No. 24072362
S.D. Tex. Bar No. 1129113
1100 Louisiana St. Ste. 4000
Houston, TX 77002
Tel:  (713) 751-3200
Fax: (713) 751-3290

James E. Berger
Texas Bar No. 24107426
S.D. Tex. Bar No. 3208380
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Counsel for Respondent*
*Aramco Services Company*

18

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 12, 2018, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.   I further certify that I mailed the foregoing memorandum and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*Robert E. Meadows*
Robert E. Meadows

19