UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALEED BIN KHALID ABU AL-WALEED AL-QARQANI, *et al.*, | § § § § § | |
| Petitioners, | § § | |
| v. | § § | Civil Action No. 4:18-cv-1807 |
| ARABIAN AMERICAN OIL COMPANY and ARAMCO SERVICES COMPANY, | § § § § § | |
| Respondents. | § § § § | |

## MOTION FOR RULE 11 SANCTIONS
## BY RESPONDENT ARAMCO SERVICES COMPANY

Respondent Aramco Services Company ("ASC") requests that Petitioners Al-Qarqani *et al.* and their counsel be sanctioned for twice violating Rule 11 of the Federal Rules of Civil Procedure. First, the Amended Petition for Enforcement of Foreign Arbitral Award (the "Amended Petition") (Dkt. 9) seeks to confirm an alleged $18 billion foreign arbitral award against ASC without any legal basis. ASC is a party neither to the alleged agreement to arbitrate nor to the arbitral award. Second, counsel for Petitioners attempted to avoid the expiration of the statute of limitations by signing and filing the Petition for Enforcement of Foreign Arbitral Award (the "Original Petition) (Dkt. 1) prior to requesting and receiving the court's approval to practice *pro hac vice* and appear as attorney-in-charge in this case.

1

ASC requests that it be awarded its reasonable costs in responding to the frivolous claim and filing this motion, that Petitioners' counsel be barred from practicing *pro hac vice* in this case, and that the Original Petition be struck from the record.

## PROCEDURAL HISTORY

On June 1, 2018, Petitioners filed their Original Petition. Dkt. 1. Edward Chung, Dima Malhas, and Mark Mantel (collectively "Counsel") each signed the pleading, representing they were "*Pro Hac Vice* Counsel & Attorney for Petitioners." *Id.*, p. 10. They were not admitted to practice *pro hac vice* by the court.

Later that day Counsel filed motions to be admitted to the Southern District of Texas *pro hac vice*. Dkt. 2, 3 and 4. Judge Werlein subsequently granted these motions and issued orders on June 6, 2018 admitting Counsel *pro hac vice*. Dkt. 6, 7, 8.

On August 15, 2018, Petitioners filed their Amended Petition asserting a claim to confirm an alleged $18 billion arbitral award issued by a suspect arbitral center in Cairo, Egypt on June 3, 2015 (the alleged "Award"). Dkt. 9. ASC was served with this Amended Petition.

On September 11, 2018, ASC served Counsel with notice that ASC would seek sanctions under Rule 11 if their frivolous claim against ASC was not dismissed. On October 5th, 2018, ASC served counsel with a copy of this Motion for Rule 11 Sanctions. *See* enclosure letter and motion attached as Exhibit A.

On September 12, 2018, ASC filed its Motion to Dismiss the Amended Petition on the grounds that this court lacks subject matter jurisdiction and that Petitioners have failed to state a claim for relief under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") or otherwise. Dkt. 16. This motion is currently set for submission on November 17, 2018. ASC adopts and incorporates its Motion to Dismiss into this Motion for Sanctions.

## LAW & ARGUMENT

1. **Standard of Review**

"Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's name... ." Fed. R. Civ. P. 11(a). An attorney certifies by signing the pleading, among other things, that its legal claims "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2); *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc). Sanctions may be awarded against any attorney that violates this certification. Fed. R. Civ. P. 11(c); *Whitehead*, 332 F.3d at 802. The burden is on the non-moving party—the Petitioners and Counsel—to show that it has not violated Rule 11. *PrinterOn Inc. v. BreezyPrint Corp.*, 93 F. Supp. 3d 658, 709 (S.D. Tex. 2015) (citing *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed Cir. 2007)). The attorney's conduct is

evaluated according to an objective standard of reasonableness. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 873 (5th Cir. 1988).

   **2. Petitioners' claim against ASC objectively violates Rule 11 because it is contrary to the law and there is no good faith argument for the modification or extension of the law.**

Petitioners' Amended Petition is frivolous because it "lacks an arguable basis either in law or fact" to enforce the alleged Award against ASC—a stranger to both the purported agreement to arbitrate and alleged Award. *See Stebbins v. Texas* 2011 WL 6130403 (N.D. Tex. 2011) (dismissing *sua sponte* plaintiff's complaint to confirm $5 billion arbitral award where there is no arbitration agreement and the parties never participated in an arbitration) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

It is black-letter law that a foreign arbitral award cannot be enforced against a party that did not agree to arbitrate. 9 U.S.C. § 207 ("[A]ny party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award *as against any other party to the arbitration*.") (emphasis added); *DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 312 (5th Cir. 2011). Counsel does not allege that ASC was a party to any agreement to arbitrate or that ASC participated in any arbitration. *See, generally,* Dkt. 9.

Counsel's sole allegation, or statement, as to ASC is that "this Court should confirm the Award and enter judgment against Aramco and its U.S. based subsidiary [ASC]." *Id.*, p. 7. Counsel alleges no facts and no legal argument to support this conclusory (and factually inaccurate) statement. Counsel makes no

attempt to argue for a good-faith extension or modification of the law. Nor does Counsel attempt to argue any legal theory that might render ASC responsible for the obligations of another party. Counsel objectively violated their Rule 11 obligations by asserting this bare, conclusory claim against ASC. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 346 (5th Cir. 1990) (finding pleading to be sanctionable because it relied on "conclusory allegation contrary to current jurisprudence that is made without any support whatsoever and does not represent a good faith argument to modify existing law."); *Washington v. Williams*, 696 F. Supp. 237, 240 (S.D. Miss. 1988), aff'd, 884 F.2d 576 (5th Cir. 1989) (awarding sanctions where party ignored venue statute and "advanced no argument for the extension, modification, or reversal or existing law…").

In *Merriman v. Security Ins. Co. Hartford*, the Fifth Circuit considered whether the district court abused its discretion in sanctioning plaintiff's counsel for asserting a claim for which there was "no basis whatsoever for pursuing" and contrary to a limitations statute. 100 F.3d 1187, 1193 (5th Cir. 1996). With language equally applicable in this instance, the Court wrote:

> Rule 11 is not intended to stifle creative advocacy or to chill an attorney's enthusiasm in pursuing factual or legal theories. But just as not every combination of chords constitutes a song, not every argument that the law should be otherwise counts as creative advocacy. Merriman's pleadings do not argue for the modification of the law of limitations; they do not suggest novel legal theories or a creative interpretation of a changing area of the law. The claims either rest on poor legal research, bad faith, or both. To say the least, the district court did not abuse its discretion … .

*Id.* at 1194. Petitioners assert a claim that is contrary to the statute and law on which they rely. Petitioners do not argue that the law should be modified or that novel theories entitle Petitioners to the extraordinary relief they seek against ASC. Counsel's signing of the Amended Petition containing this claim against ASC objectively violates Rule 11 and warrants sanctions.

    a. <u>Requested remedy</u>

The policy concerns underlying Rule 11 include deterring frivolous claims like the one filed by Counsel and to ensure that victims of these lawsuits are protected against the cost of defending against these claims. *Thomas*, 836 F.3d at 879 (citing *United Foods & Commercial Workers v. Armour and Co.*, 106 F.R.D. 345, 348-49 (N.D. Cal. 1986). Both of these policies would be furthered by awarding ASC its reasonable costs in seeking the dismissal of Amended Petition with prejudice and the filing of this motion for sanctions.

    **3. Counsel separately violated Rule 11 when they signed a pleading without being admitted to practice before this court.**

An attorney may also violate Rule 11 by signing and filing a pleading prior to being admitted to practice before that court. *Castillo v. Hongjin Crown Corp.*, 2009 WL 10669499, at *8 (W.D. Tex. July 14, 2009), *adopted as modified*, 2009 WL 10669625 (W.D. Tex. Sept. 16, 2009). It is undisputed that Counsel signed and filed the Original Petition on June 1, 2018, prior to requesting permission from the court to appear as attorney-in-charge for Petitioners. While seeking sanctions against Counsel for ignoring the rules regarding *pro hac vice* admissions might appear excessive, they are warranted in this case because Counsel's conduct was a blatant

6

attempt to avoid the consequences of the statute of limitations.[1] The statute of limitations to confirm the alleged Award expired on June 3, 2018—two days after the Original Petition was improperly filed and before Judge Werlein granted Counsel's motion to appear *pro hac vice*. 9 U.S.C. § 207 (application to confirm award must be made "within three years after an arbitral award").

The Original Petition was required to be signed "by at least one *attorney of record*." Fed. R. Civ. P. 11(a) (emphasis added). Until Judge Werlein granted Counsel permission to appear, they could not practice before this court and could not be considered Petitioners' counsel of record. *Castillo,* 2009 WL 10669499 at 8 ("It is axiomatic that unless and until that motion [for *pro hac vice*] was granted, Rodriguez had no authority to practice before this Court.").

The Local Rules further require that the pleading be signed by the attorney-in-charge. S.D.Tex. L.R. 11.3. When lawyers who are not members of this Court's bar first appear, they are required to seek leave to appear as attorney-in-charge for a client. S.D.Tex. L.R. 83.1K; *In re Cash Media Sys., Inc.*, 326 B.R. 655, 670 (Bankr. S.D. Tex. 2005) (finding that Local Rule 83.1K is "clear and [does] not require interpretation" and holding attorney at fault for failing to move for leave to appear). Counsel never sought leave to appear as attorney-in-charge and were not admitted to practice until five days after they filed the Original Petition.

---

[1] This is part of a pattern of questionable conduct. Counsel also continues to knowingly misrepresent to the court that it served co-respondent Arabian American Oil Company. Dkts. 12 and 14. CT Corp. promptly advised Counsel on August 23, 2018 that service was ineffective. ASC further advised Counsel on September 11, 2018 that this entity was dissolved in 1990 and that CT Corp. rejected service.

The result of Counsel's unauthorized practice is that the Original Petition was never properly filed and the statute of limitations ran. *Banc of Am. Leasing & Capital, LLC v. Breakwater Advanced Mfg.*, LLC, 2018 WL 1834364, at *5 (W.D. La. Mar. 27, 2018), *adopted*, 2018 WL 1833304 (W.D. La. Apr. 17, 2018) (Answer deemed deficient and not properly filed where signed by attorney not admitted to practice in Western District of Louisiana); *Castillo,* 2009 WL 10669499 at 8 ("Because the instant motion [was] not signed or filed by anyone having authority to represent the Plaintiffs in this court, or by anyone having authority to appear in the captioned case on behalf of the Plaintiffs, it follows that the instant motion was not appropriately filed.").

   a. Requested remedy

Admission to practice *pro hac vice* is a privilege, not a right. *Leis v. Flynt*, 439 U.S. 438, 442 (1979). Counsel's signing of the Original Petition, in contravention of Fed. R. Civ. P. 11(a) and Local Rule 83.1K, and of the Amended Petition containing its frivolous claim is an abuse of this privilege. ASC requests that Counsel be barred from practicing *pro hac vice* in this case. *Niera v. Frost Nat'l Bank*, 2010 WL 5124950, at *2 (W.D. Tex. Dec. 9, 2010) (barring counsel from appearing *pro hac vice* in case as Rule 11 sanction). In addition, the Original Petition should be struck as improperly filed because it was not signed by an attorney admitted to practice in this district. *See* S.D.Tex. L.R. 11.4 ("A paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court.").

8

## CONCLUSION

Counsel should never have filed this claim against ASC. There is no basis in law or in fact to enter a $18 billion judgment against a company because it is alleged to be another's subsidiary. Rule 11 was intended to deter this conduct and it should be enforced by sanctioning Counsel as follows:

a. Awarding ASC its reasonable costs in filing its Motion to Dismiss and Motion for Sanctions;

b. Barring Counsel from appearing *pro hac vice* in this case; and

c. Striking the Original Petition, which counsel signed and filed before being admitted to practice *pro hac vice*.

Dated: October 29, 2018          Respectfully Submitted,

KING & SPALDING LLP

*Robert E. Meadows*
Robert E. Meadows
Texas Bar. No. 13885700
S.D. Tex. Bar No. 2856
Andrew Stakelum
Texas Bar No. 24072362
S.D. Tex. Bar No. 1129113
1100 Louisiana St. Ste. 4000
Houston, TX 77002
Tel: (713) 751-3200
Fax: (713) 751-3290

James E. Berger
Texas Bar No. 24107426
S.D. Tex. Bar No. 3208380
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Counsel for Respondent
Aramco Services Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on October 29, 2018, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

                            *Robert E. Meadows*
                            Robert E. Meadows