THE HONORABLE JUDGE GEORGE C. HANKS, JR.

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Heirs of Khalid Abu Al-Waleed Al-Hood Al-Qarqani Waleed Khalid Abu Al-Waleed Al-Hood Al-Qarqani; Ahmed Khalid Abu Al-Waleed Al Hood Al-Qarqani; Shaha Khalid Abu Al-Waleed Al Hood Al-Qarqani; Naoum Al-Doha Khalid Abu Al-Waleed Al Hood Al-Qarqani; and Nisreen Mustafa Jawad Zikri, | § § § § § § § § | |
| Petitioners, | § | Civil Action No. 4:18-cv-1807 |
| v. | § § | |
| SAUDI ARABIAN OIL COMPANY (*aka*, Saudi Aramco, Arabian-American Oil Company, ARAMCO), a foreign based corporation, located in Dhahran, Saudi Arabia and all its predecessor, successor and related entities, | § § § § § § | |
| Respondents | § § | |

**TO:** The U.S. District Court for the Southern District of Texas; and
**TO:** White & Case, LLP, Attorneys for Respondent, Saudi Arabian Oil Company (Saudi Aramco)

---

### DECLARATION OF SERVICE OF PETITIONERS/AWARD CREDITORS'
### SECOND AMENDED PETITION FOR ENFORCEMENT OF FOREIGN ARBITRAL AWARD

CHUNG, MALHAS & MANTEL, PLLC
Edward C. Chung, Esq. – (L.R. 11-*Attorney-in-Charge*)
Dr. Dima N. Malhas, Esq.
Mark Mantel, Esq.
1037 NE 65th Street, Suite# 80171
Seattle, Washington 98115
Phone: (206) 264-8999
Facsimile: (206) 264-9098

*Counsels for Petitioner*

# TABLE OF CONTENTS

I.      INTRODUCTION………………………………………………………….………………..1

II.     SERVICE IN ACCORD WITH NEW YORK CONVENTION……………………………1

III.    SERVICE UPON TEXAS & DELAWARE SECRETARY OF STATE ……………...……2

IV.     SERVICE UPON SAUDI ARAMCO'S U.S. AGENT OF SERVICE……………………….3

V.      SERVICE UPON SAUDI ARAMCO'S U.S. SUBSDIARIES…………………………….3

VI.     SERVICE UPON SAUDI ARAMCO AND ACKNOWLEDGED RECEIPT …………...…4

VII.    SERVICE UPON SAUDI ARAMCO'S CORPORATE EXECUTIVES AND
        CORPORATE LEGAL COUNSEL……………………………………………………….4

VIII.   SERVICE UPON SAUDI ARAMCO'S U.S. & FOREIGN ATTORNEYS………………..4

IX.     SERVICE UPON FOREIGN MINISTRIES……………………………………………...…5

X.      CONCLUSION………………………………………………………………………...….5

# EXHIBIT LIST

**Exhibit 1:**  Affidavit of Service Upon Texas Secretary of State

**Exhibit 2:**  Affidavit of Service Upon Delaware Secretary of State

**Exhibit 3:**  Affidavit of Service Upon Aramco Services Company

**Exhibit 4:**  Affidavit of Service Upon Aramco Affiliated Services Company & U.S. Foreign Agent Registration

**Exhibit 5:**  Affidavit of Service Upon Saudi Aramco by Federal Express & Acknowledged Receipt

**Exhibit 6:**  Saudi Aramco's Executive Officer Emails Contained in Prospectus  of Initial Public Offering

**Exhibit 7:**  Affidavit of Service to Saudi Aramco CEO & General Counsel & Acknowledged Receipt

**Exhibit 8:**  White & Case, LLP's December 11, 2019 Press Release Regarding Representation of Saudi Aramco

**Exhibit 9:**   Affidavit of Service Upon White & Case, LLP & Evidence Showing Evasion of Service

**Exhibit 10**:  Affidavit of Email Service Upon White & Case, LLP

**Exhibit 11**:  King & Spalding, LLP's U.S. Foreign Agent Registration for Saudi Arabia's Ministry of Energy

**Exhibit 12**:  Affidavit of Service Upon King & Spalding and Acknowledged Receipt

**Exhibit 13**:  Affidavit of Service Upon Bobby Horton and Acknowledged Receipt

**Exhibit 14**:  Rejected Service by Saudi Arabia's Ministry of Foreign Affairs

**Exhibit 15**:  Rejected Service by Saudi Arabia's Ministry of Energy, Industry and Mineral Resources

**\*Note:**     *See*, Dck# 108 for Statutory Notice of Filing of Petition for Enforcement of a Foreign Arbitral Award.

# TABLE OF AUTHORITIES

## CASE LAW

*Huawei Technologies USA, Inc. v. Oliveira*, 4:19-cv-00229 (E.D. Tex. July 19, 2019)………….5

*Johnson v. Drake*, 3:16-CV-1993-L N.D. Tex. 2017……………………………………….....1

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)……………………………6

*RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388,
(E.D. Tex. January 23, 2012)……………………………………………………………………5

*Volkswagen Aktiengesellschaft v. Schlunk*, 486 US 694 (1988)…………………………………3

## STATUTORY LAW

### Delaware Corporations Law

8 Del. C. § 252………………………………………………………….……..…2

8 Del. C. § 383……………………………………………………………………...2

### Texas Civil Practice and Remedies Code

Tex. Civ. Prac. & Rem. Code, § 17.044(b)……………………………………………..2

### Texas Business Organizations Code

Tex. Bus. Orgs. Code Ann. §§ 5.201-202…………………………………………………2

Tex. Bus. Orgs. Code Ann.  § 5.251……………………………………………...…2

Tex. Bus. Orgs. Code Ann.  § 5.252………………………………………………2

### Federal Arbitration Act

9 U.S.C. §6……………………………………………………………...…………...1

9 U.S.C. §201…………………………………………………………………...2

### Foreign Sovereign Immunities Act

28 U.S.C. § 1608……...…………………………………………………………6

### New York Convention on Recognition and Enforcement on Foreign Arbitral Awards

United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards
*June 10, 1958, 21 U.S.T.  2517, 330 U.N.T.S.  38*...………………………………….....…… 1

## COURT RULES

FED. RUL. OF PROC. 5…………………………………………………..……....1

FED. RUL. PROC. 4…………………………………………………………6

FED. RUL. CIV. PROC. 81(a)(6)(B)……………………………………………………1

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
### LOCAL RULES ON ECR SERVICE IN ACCORD WITH FED. RUL. OF PROC. 5

United States District Court, for the Southern District of Texas' Administrative Procedures for Electronic Filing in Civil and Criminal Cases…………………………………………………1

# I.  INTRODUCTION

I, EDWARD C. CHUNG, declare as follows:

1. 1    I am the attorney of record for the above captioned Petitioners, I am over the age of 18, not a party to this action and respectfully submit this declaration regarding service of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon Respondent, Saudi Arabian Oil Company ("Saudi Aramco"), a foreign corporation located in the Kingdom of Saudi Arabia[1].

1.2    Per this Court's December 27, 2019 Court Order [Dck# 96], Petitioners have been provided until **February 21, 2020** to effectuate service of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon Saudi Aramco. Pursuant to the New York Convention Treaty on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention Treaty"), as implemented by the United Stated Federal Arbitration Act ("FAA"), 9 U.S.C. § 201; *et. seq.,* Petitioners hereby give notice to the Court and Saudi Aramco that Petitioners have successfully served Saudi Aramco's Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award.  Service upon Saudi Aramco has been effectuated as follows:

## II.  SERVICE IN ACCORD WITH NEW YORK CONVENTION

2.1    Pursuant to 9 U.S.C. § 6 of the FAA, Petitions to Confirm and Enforce a Foreign Arbitral Award ***shall be made and heard in the manner of motions***. *See also,* FRCP 81(a)(6)(B) which limits the applicability of the Federal Rules of Civil Procedure in relation to service of arbitral awards under FAA and the New York Convention Treaty.

2.2    Petitioners initiated this proceeding by filing a Petition for Enforcement of a Foreign Arbitral Award under the New York Convention. *See,* [Dck#1]. As previously briefed in Petitioners Response to Order to Show Cause [Dck#50], ***service of a summons and complaint in a civil action is inapplicable*** to a petition for recognition and enforcement of a foreign arbitral award under the New York Convention. *See, Johnson v. Drake*, 3:16-CV-1993-L N.D. Tex. 2017.

2.3    On December 19, 2019, Saudi Aramco's counsel of record, Michael Rodgers, made a general Notice of Appearance on behalf of Saudi Aramco, as well as Attorney-in-Charge, Ms. Carolyn Lamm; both attorneys are registered with the Texas Court's Electronic Filing System (CM/ECF). Pursuant to ***this*** Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases registration, ***a Filing User <u>consents to electronic service of all documents</u>*** in accordance with Fed. Rul. Proc. 5.

---

[1]    ***For purposes of addressing service herein, it is important to note that  the Kingdom of Saudi Arabia is <u>not</u> a signatory or member to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention")*** 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163(entered into force for the United States Feb. 10, 1969).

2.4     On February 21, 2020, I declare under penalty under the laws of the United States of America, that in accordance with 9 U.S.C. § 6, I filed with the United States District Court Clerk's Office for the Southern District of Texas (Houston) the following documents: (1) Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award with supporting exhibits (**Exhibits A**, **B** and **C**); (2) Declaration of Attorney; and **Statutory Notice of Filing of Petition for Enforcement of a Foreign Arbitral Award**. *See*, [Dck# 108]. Service of this motion was made by using this Court's Electronic Filing System (CM/ECF) which in accordance with FED. RUL. PROC. 5 (b) 1 electronically provides notice of the motion on Saudi Aramco's counsel of records.

### III.   SERVICE UPON TEXAS & DELAWARE SECRETARY OF STATE

3.1     *Service upon Texas Secretary of State*: Attached hereto as **Exhibit 1** and incorporated herein by reference is the affidavit of service of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon the Texas Secretary of State and Texas Secretary of State's Statement of Service. Under the Texas Business Organizations Code, corporations have a duty to maintain a registered agent on whom may be served any process, notice or demand required or permitted by law to be served on an entity. Tex. Bus. Orgs. Code Ann. §§ 5.201-202. If a foreign filing entity transacts business without being registered as required by Chapter 9 of the code, the Texas Secretary of State serves as the agent for service of process. *Id.* at § 5.251. After service in compliance with § 5.252, the secretary of state immediately sends one of the copies of the process, notice or demand to the named entity by certified mail, return receipt requested; this was done here. Because the Texas Secretary of State is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in Texas or a designated agent for service of process, in any proceeding that arises out of the business done in Texas and to which the nonresident is a party. *See*, Tex. Civ. Prac. & Rem. Code, § 17.044(b). Because the Texas Secretary of State is an agent for service of process, service was effectuated when copies of the process, notice or demand, along with the applicable fees, were delivered to the secretary of state.

3.2     *Service upon Delaware Secretary of State*: Attached hereto as **Exhibit 2** and incorporated herein by reference is the affidavit of service of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon the Delaware Secretary of State and Texas Secretary of State's Statement of Service. Pursuant 8 Del. C. § 383, "any foreign corporation which shall transact business in this State without having qualified to do business shall be deemed to have thereby appointed and constituted the Secretary of State its agent for the acceptance of legal process." This Court has ruled properly ruled that Saudi Aramco is a successor to Arabian American Oil Company. Pursuant 8 Del. C. § 252, if the successor corporation is a foreign corporation, it shall agree that it shall irrevocably appoint the Secretary of State as its agent to accept service of process in any such suit or other proceedings. As evidenced in Exhibit B service was properly effectuated on Saudi Aramco as a as a successor corporation.

## IV.   SERVICE UPON SAUDI ARAMCO'S U.S. AGENT OF SERVICE

4.1    *Service Upon Saudi Aramco's <u>Acknowledged</u> Agent.* Attached hereto as **Exhibit 3** and incorporated herein by reference is a true and correct copy of the affidavit of service of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon Saudi Aramco's wholly owned subsidiary, Aramco Services Company ("ASC"). Service was made upon ASC's resident agent both in Texas and the State of Delaware. *As evidenced in the affidavit of service, the Texas resident agent expressly confirmed CT Corporation was authorized to accept service upon Saudi Aramco.* The affidavit states the following:

> I delivered the above-mentioned documents to Antoinette Williams who represented that they were *<u>authorized to accept service on behalf of Saudi Arabian Oil Company (Saudi Aramco)</u>* c/o CT corporation trust company on December 13, 2019 at 12:20 pm at 1999 Bryan St Ste 900, Dallas, Tx 75201.

4.2    *Service Upon Saudi Aramco's <u>Registered</u> Foreign Agent.* On November 14, 2016, Aramco Affiliated Services Company ("AASC") registered with the U.S. Department of Justice as the foreign **agent** for Saudi Aramco pursuant to the Foreign Agents Registration Act of 1938. Attached hereto as **Exhibit 4** and incorporated herein by reference is AASC's Registration Statement along with the affidavit of services of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon AASC's Texas and Delaware resident agents.

## V.   SERVICE UPON SAUDI ARAMCO'S U.S. SUBSDIARIES

5.1    *Service Upon Saudi Aramco's Wholly Owned U.S. Subsidiary.* The U.S. Supreme Court holding in *Volkswagen Aktiengesellschaft v. Schlunk*, 486 US 694 (1988), held that service on a foreign corporation's domestic subsidiary was sufficient to confer jurisdiction over the foreign defendant not subject to the Hague Convention. As previously stated, Saudi Arabia is ***not*** a member to the Hague Convention. Attached hereto as **Exhibits 3** and **4** are the affidavit of services upon subsidiaries ASC and AASC. Additionally, we have attached hereto as **Exhibit E** attempted service upon Motiva Enterprises, LLC.

5.2    Based on the foregoing, Petitioners have complied with *Volkswagen Aktiengesellschaft v. Schlunk*, 486 US 694 (1988). Pursuant to Texas' Civil Practice and Remedies Code, Sec. 17.043, in an action arising from a nonresident's business in this state, process may be served on the person in charge, at the time of service, of any business in which the nonresident is engaged in this state if the nonresident is not required by statute to designate or maintain a resident agent for service of process. Saudi Aramco is not required by statute to designate or maintain a resident agent for service of process. Service was made upon the person in charge of service; thus, service was properly effectuated.

## VI.   SERVICE UPON SAUDI ARAMCO AND ACKNOWLEDGED RECEIPT OF SERVICE

6.1   ***Service Upon Saudi Aramco via Federal Express.*** Attached hereto as **Exhibit 5** and incorporated herein by reference is proof of service of Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award upon Saudi Aramco at its location in Dharan, Saudi Arabia. I declare that on December 12, 2019 Petitioners' counsel of record sent, *via* Federal Express, Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award to Saudi Aramco. Delivery was acknowledged and accepted on December 17, 2020.

## VII.   SERVICE UPON SAUDI ARAMCO CORPORATE EXECUTIVES & CORPORATE LEGAL COUNSEL

7.1   ***Service Upon Saudi Aramco Chief Executive Office & General Counsel***. Attached hereto as **Exhibit 6** and incorporated herein by reference is a true and correct copy of Saudi Aramco's Prospectus for its Initial Public Offering ("IPO"). Within this prospectus, it provides the email of its Chief Executive Officer, Mr. Amin H. Nasser, and its Corporate Legal Counsel, Mr. Nabeel A. Al. Mansour.

7.2   On December 15, 2019, undersigned counsel sent an email to Saudi Aramco's Chief Executive Officer at president.ceo@aramco.com and Saudi Aramco's Corporate Legal Counsel at ipo@aramco.com. Delivery confirmation and an acknowledgment of receipt was received on the same day of service. Attached hereto as **Exhibit 7** and incorporated herein by reference verification of email delivery and acknowledgement of receipt.

## VIII.   SERVICE UPON SAUDI ARAMCO'S U.S. & FOREIGN ATTORNEYS

8.1   ***Service Upon White & Case, LLP.*** Attached hereto as **Exhibit 8** and incorporated herein by reference is a December 11, 2019 press release published online by White & Case, LLP. In this press release it publicly discloses that it represents Saudi Aramco and identified numerous White & Case attorneys representing Saudi Aramco. The press release also disclosed Saudi Aramco's local counsel in Riyadh, Saudi Arabia.

8.2   Despite publicly representing its legal representation of Saudi Aramco, White & Case attempted to **evade service** of Petitioners/Award Creditors Petition to Enforce a Foreign Arbitral Award. Attached hereto as **Exhibit 9** is an affidavit of service that evidences that White & Case on numerous occasions prohibited a New York legal messenger service from serving Petitioners petition to enforce a foreign arbitral award. Accordingly, Petitioners' undersigned counsel served White & Case's resident agent, JoAnn Disanti, it's attorneys *via* email, as well as Saudi Aramco's local legal counsel the Law Office of Megren M. Al-Shaalan. Attached hereto as **Exhibit 10** and incorporated herein by reference is electronic verification of email service and confirmation of receipt White & Case and the Law Office of Megren M. Al-Shaalan. It should also be noted that on December 18, 2019 undersigned counsel requested White & Case to waive service; they have refused to do so.

8.3   ***Service Upon King & Spalding, LLP.*** In the present case, the law firm of King & Spalding, LLP has previously appeared on behalf Saudi Aramco's subsidiary, Aramco Services Company ("ASC"). Additionally, King & Spalding, LLP has registered with the U.S. Department of Justice as the foreign agent for the Kingdom of Saudi Arabia's Ministry of Energy. The Ministry oversees and developing and implementing policies concerning petroleum and related products. Attached hereto as **Exhibit 11** and incorporated herein by reference is King & Spalding, LLP's registration as foreign agents for the Kingdom of Saudi Arabia's Ministry of Energy, Industry and Mineral Resources.

Attached hereto as **Exhibit 12** is the affidavit of service upon King & Spalding's counsel as well as undersigned counsel's electronic email service upon King & Spalding attorneys that have either represented.

8.4   ***Service Upon Attorney Bobby J. Horton.*** Attorney Bobby J. Horton is in-house legal counsel for Aramco Services Company (ASC") in Houston, Texas. Based on his November 14, 2016 Registration Statement he has filed with the U.S. Department of Justice, *via* a Power of Attorney, he executed said Registration Statement as "Attorney-in Fact". *See*, **Exhibit 4**. To the extent that Mr. Horton was Attorney-in-Fact for Saudi Aramco, undersigned counsel served Mr. Horton via email with Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award. Attached hereto as **Exhibit 13** and incorporated herein by reference is email service to attorney Bobby Horton and supporting documentation regarding acknowledgment of service.

8.5   U.S. District Courts, specifically in Texas, accept electronic service. *See*, *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. January 23, 2012) [confirming that the plaintiff "will be provided notice of this suit *via* email service, and that such method will comport with constitutional notions of due process"]; *see also*, *Huawei Technologies USA, Inc. v. Oliveira*, 4:19-cv-00229 (E.D. Tex. July 19, 2019). Saudi Aramco's counsel of record publicly asserted its legal representation of Saudi Aramco on the worldwide web. They attempted to evade service by not allowing a legal messenger access to drop off Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award. Contrary to New York Convention Treaty, an international treaty that the U.S. and Saudi Arabia are both a member and signatory to, counsel of record for Saudi Aramco is demanding that this Court undermine the express language of the FAA and mandate that service be effectuated in accord with Foreign Sovereign Immunities Act. Unless this Court violates the separation of power, neither the FAA or the New York Convention Treaty permits the assertion of sovereign immunity as a means of service or a defense.

## IX.   SERVICE UPON FOREIGN MINISTRIES

9.1   ***Service Upon Saudi Ministry of Foreign Affairs.*** On December 12, 2019, Petitioners' counsel of record attempted to serve Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award *via* Federal Express upon the Saudi Ministry of Foreign Affairs; service was rejected. Attached hereto as **Exhibit 14** and incorporated herein by reference is a true and correct copy of the Federal Express database evidencing that the Saudi Ministry of Foreign Affairs ***rejected*** service.

9.2   ***Service Upon the Ministry of Energy, Industry and Mineral Resources.*** On December 12, 2019, Petitioners' counsel of record attempted to serve Petitioners/Award Creditors' Second Amended Petition for Enforcement of Foreign Arbitral Award *via* Federal Express upon the Saudi Ministry of Foreign Affairs; service was rejected. Attached hereto as **Exhibit 15** and incorporated herein by reference is a true and correct copy of the Federal Express database evidencing that the Saudi Ministry of Energy, Industry and Mineral Resources ***rejected*** service.

## X.   CONCLUSION

10.3   ***U.S. District Courts Acceptance of Electronic Service.*** Although service of a Petition to Confirm and Enforce a Foreign Arbitral Award is treated as a motion and not a civil complaint, the means of service provided by Petitioners  in this summary proceeding comports with 9 U.S.C. §6, FED. RUL. PROC. 5 (b) 1, FED. RUL. PROC. 4 (f)(2)(C)(ii) and 4(f)(3). As Saudi Aramco has acknowledged receipt of service, legal counsel has appeared on its behalf and has specifically noted a motion, the means of service effectuated upon Saudi Aramco is "reasonably calculated" to give it notice and an opportunity to be heard. *See*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

*Respectfully submitted this 11th day of March 2020.*

CHUNG, MALHAS & MANTEL PLLC:

/s/ Edward C. Chung
Edward C. Chung, WSBA # 34292 (L.R. 11 - *Attorney in Charge*)
Dr. Dima N. Malhas, Esq.
Mark Mantel, Esq.
1037 NE 65th Street, Suite# 80171
Seattle, Washington 98115

Phone: (206) 264-8999
Facsimile: (206) 264-9098

*Pro Hoc Vice Counsel for Petitioners*

## IV.  CERTIFICATE SERVICE

The undersigned hereby declares that on this 11th day of March, 2020, a true and correct copy of the foregoing document was filed with the United States District Court Clerk's Office for the Southern District of Texas (Houston) using the Court's online ECF system which provides electronic service upon Respondent's counsel of records.

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292 – Attorney in Charge
CHUNG, MALHAS & MANTEL PLLC
1037 NE 65th Street, Suite# 80171
Seattle, Washington 98115

Phone: (206) 264-8999
Facsimile: (206) 264-9098